IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JAYSON TIKUM MBABID, | * | |
| | * | |
| Petitioner, | * | |
| | * | Civ. No.: MJM-25-3505 |
| v. | * | |
| | * | |
| NIKITA BAKER, *et al.*, | * | |
| | * | |
| Respondents. | * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On October 27, 2025, Jayson Tikum Mbabid ("Petitioner") filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. ECF 1. On November 3, 2025, Respondents filed a motion to dismiss for lack of jurisdiction or, alternatively, to transfer the petition to another district. ECF 13. Respondents argue that the Court lacks jurisdiction because Petitioner was not in Maryland at the time his habeas petition was filed.[1] There is no dispute that Petitioner is now in El Paso, Texas, which is in the Western District of Texas. Petitioner opposes Respondents' motion. *See* ECF 17 & 18. The Court heard oral argument on November 17, 2025. For the reasons explained below, Respondents' motion is GRANTED, and the case shall be transferred to the Western District of Texas.

---

[1] Respondents also filed an opposition to the habeas petition addressing the merits with a motion to dismiss the petition for failure to state a claim. ECF 15. Because this Court lacks jurisdiction, for reasons explained herein, the Court will not address the merits of the petition or Respondents' second motion.

1

## I. BACKGROUND

In August 2024, Petitioner was detained by U.S. Customs and Border Protection near Calexico, California, very close to the Mexico border. ECF 13-2 (Burki Decl.). Shortly thereafter, Petitioner was served with a Notice to Appear charging him with being inadmissible under the Immigration and Nationality Act (INA) § 212(a)(6)(A)(i). *Id.*; ECF 13-3. On October 10, 2024, Petitioner was temporarily paroled under conditions pursuant to 8 U.S.C. § 1182(d)(5)(A). Burki Decl. ¶ 7. On December 2, 2024, Petitioner submitted an application for asylum and withholding of removal, which is still pending. ECF 13-4.

On October 23, 2025, Immigration and Customs Enforcement ("ICE") arrested Petitioner in Silver Spring, Maryland and transported him to the ICE Baltimore Field Office. Burki Decl. ¶¶ 10–11. In the early morning of October 25, at 1:28 a.m., ICE submitted a notice to the Hyattsville Immigration Court indicating that Petitioner was transferred to the Service Processing Center ("SPC") in El Paso, Texas. ECF 13-7.

Two days later, on October 27 at 6:40 a.m., Petitioner was booked out of the Baltimore Field Office for transfer to the El Paso SPC. ECF 13-10. Later that morning, at 10:40 a.m., Petitioner departed on a flight from Newark, New Jersey bound for Alexandria, Louisiana. ECF 13-8. About twenty minutes later, at approximately 11:00 a.m., Petitioner's habeas counsel filed a Petition for Writ of Habeas Corpus in this Court. ECF 1. Petitioner arrived in Alexandria at 1:10 p.m. (CST) and departed for El Paso at 5:30 p.m., arriving at 6:30 p.m. (CST). *See* ECF 13-9.

Petitioner was booked into the El Paso SPC on October 28 at 3:22 a.m. (CST). ICE updated its online detainee locator by 10:58 a.m. to reflect Petitioner's custody location. ECF 13-12. At noon the same day, this Court held a status conference with counsel for the parties, during which counsel for Respondents stated that Petitioner was in Texas.

On October 29, counsel for Petitioner filed an amended habeas petition. ECF 11. On November 3, Respondents filed a motion to dismiss for lack of jurisdiction or, alternatively, to transfer the case to the Western District of Texas, followed by a supplement on November 4. ECF 13 & 14. On November 5, Respondents filed an opposition addressing the merits of the petition with a motion to dismiss for failure to state a claim. ECF 15. Petitioner filed an opposition to Respondents' motions on November 10, ECF 17, and a motion to amend the opposition on November 14, ECF 18, which shall be granted. Respondents replied on November 16. ECF 19. This Court heard oral argument on the pending motions on November 17. ECF 20.

## II. DISCUSSION

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The petitioner, as the party asserting jurisdiction, bears the burden of establishing it. *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). When a respondent asserts that facts outside of the pleadings deprive the court of jurisdiction, the court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004).

District courts may grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). Generally, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *see also United States v. Poole*, 531 F.3d 263, 273 (4th Cir. 2008) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."

3

(quoting *Padilla*, 542 U.S. at 447)). If a court determines it lacks jurisdiction over a § 2241 petition, it must dismiss the petition or "transfer the application for hearing and determination to the district court having jurisdiction to entertain it." 28 U.S.C. § 2241(b).

I find that this Court lacks jurisdiction of the habeas petition filed in the instant case. Petitioner was not confined in Maryland when the petition was filed. He had been transported outside the district several hours prior to the filing of the petition and was on a flight from New Jersey to Louisiana at the time of filing. He is now detained in the Western District of Texas. The "district of confinement" rule requires that any § 2241 petition challenging his custody be filed in that district.

Notably, courts recognize "[a]n exception to the district of confinement rule . . . when, after reasonably diligent effort, the district in which the petitioner was confined could not have been determined." *Suri v. Trump*, 785 F. Supp. 3d 128, 137–38 (E.D. Va. 2025), *aff'd*, No. 25-1560, 2025 WL 1806692 (4th Cir. July 1, 2025). In *Suri*, the Fourth Circuit affirmed the district court's application of the "unknown custodian exception" to a habeas petition challenging detention by ICE where deportation was imminent and the government used improper tactics to shop for a favorable forum and make it difficult for the petitioner's attorney to file the petition. *See Suri*, 2025 WL 1806692, at *5.

There is no evidence in the instant case that, in transferring Petitioner to El Paso SPC, the government engaged in any forum shopping or any impropriety; nor is there any indication that the government intends to deport Petitioner imminently. To the contrary, Petitioner has a pending asylum application and is scheduled for a hearing before an immigration judge on December 16, 2025. ECF 13-13.

4

Petitioner argues that his petition may nonetheless be heard in this district because, at the time the petition was filed, his location was "unknown" to his habeas counsel and there are "indications" that the government was not forthcoming regarding Petitioner's custodian and location. ECF 17 at 3–4. Both arguments miss the mark in the circumstances of this case. The ICE Baltimore Field Office has a number of holding cells for temporary holding, but ICE does not maintain any detention facilities in Maryland. Accordingly, ICE must transfer detainees out of the district as space becomes available in detention facilities elsewhere. Burki Decl. ¶ 13.[2] Before transferring Petitioner, ICE notified the immigration court about its intention to transfer Petitioner to El Paso SPC.[3] This notice was available to Petitioner's immigration counsel at the time his habeas counsel filed the petition. There was no effort by the government to deprive Petitioner's counsel of his location when his petition was filed. Petitioner complains that, at the time his petition was filed, ICE's online detainee locator did not reflect his custody location and, instead, indicated "Call ICE For Details." ECF 17-1 at 12. However, answers to FAQs posted on ICE's online detainee locator webpage reflect a practice or policy of avoiding real-time public disclosure of a detainee's whereabouts while in transit, for security reasons. *See* ECF 14-1. Moreover, counsel never placed a call to ICE to seek updated information about Petitioner's location. Counsel's argument that she believed this effort would have been futile is unpersuasive.

---

[2] Maryland law does not allow any long-term detention facilities in the State of Maryland to house ICE detainees. Burki Decl. ¶ 13 n.3 (citing the Dignity Not Detention Act).

[3] The notice filed with the immigration court suggests that ICE detained and transferred Petitioner to El Paso SPC on October 25, ECF 13-7, although Petitioner was not transported out of Maryland until October 27, ECF 13-8 & 13-10, and was not booked into El Paso SPC until October 28, ECF 13-11. I do not find that the notice was purposefully misleading, and it did not actually mislead Petitioner's counsel. The notice appears to be a standardized form that, in preprinted text, instructs the signatory ICE official to "Enter Date Respondent was transferred" and provides no space to indicate that a detainee either is "in transit" or will be transferred imminently. *See* ECF 13-7. In any event, Petitioner's habeas counsel could not have been misled because she was not aware of the notice until after the petition was filed.

This Court is not the first to apply the "district of confinement" rule to a habeas petition filed while the petitioner was in transit. In *Y.G.H. v. Trump*, 787 F. Supp. 3d 1097, 1105–10 (E.D. Cal. 2025), the district court applied the "district of confinement" rule to dismiss a habeas petition filed in the wrong district when the petitioner was "in transit" and his location was unknown to his counsel. Although the petitioner's location was not made publicly available at the time of filing, the court noted that the government did not "shroud[] [his] whereabouts in secrecy," *id.* at 1106 (quoting *Padilla*, 542 U.S. at 449 n.17), and the petitioner "d[id] not allege or establish that ICE transferred him [on the date his petition was filed] with the purpose to make it difficult for his counsel to know where to file a habeas petition, or that Government failed to promptly disclose his location following the transfer." *Id.* at 1107. The court concluded that jurisdiction was lacking and dismissed the petition. *Id.* at 1109–10.[4] Similarly, in *Urrea-Calderon v. Noem*, Civ. No. DLB-25-3549, ECF 11 (D. Md. Nov. 3, 2025), Judge Boardman found that this Court lacked jurisdiction over a petition filed while the petition was in transit to another district, finding that "the respondents d[id] not appear to be forum shopping when they removed [the petitioner] from Maryland and brought him to Texas." Likewise, there is no evidence here that ICE transferred Petitioner with the purpose of forum shopping or otherwise interfering with his ability to file his petition, and Respondent's counsel promptly disclosed Petitioner's location to his counsel and to the Court during the status conference held the day after the petition was filed.

Although this Court lacks jurisdiction over the petition, § 2241 provides that the petition may be transferred to a district court with jurisdiction to entertain it. 28 U.S.C. § 2241(b). Additionally, 28 U.S.C. § 1631 provides that when a civil action is filed with a district court that finds it lacks jurisdiction, the court must transfer it to a court where it could have been brought "if

---

[4] At a hearing, the petitioner's counsel "requested that the Petition be dismissed, rather than transferred, if the Court did not find that it may hear the Petition." *Id.* at 1109.

it is in the interest of justice[.]" Here, the Court finds that it is in the interest of justice to transfer the petition to the U.S. District Court for the Western District of Texas, the district where Petitioner is presently confined. Petitioner has requested a transfer rather than dismissal if this Court found want of jurisdiction, *see* ECF 18-1 at 7 n.2, and I find transfer to be appropriate and just in this case.

### III.  CONCLUSION

Accordingly, it is this  18th  day of November, 2025, by the United States District Court for the District of Maryland hereby ORDERED

1. Petitioner's motion for leave to amend his response, ECF 18, IS GRANTED;

2. Respondents' motion to transfer, ECF 13, IS GRANTED;

3. This case IS TRANSFERRED to the United States District Court for the Western District of Texas; and

4. The Clerk SHALL CLOSE this case.

_____
Matthew J. Maddox
United States District Judge

7